Gibson, C. J.
It has never before been doubted that the declarations of a party, at the time, are evidence of the intent with which he entered; and, this is all that is necessary to be said in respect of the first point.
The question, whether a tenant in common be a competent witness for his co-tenant, in an ejectment by the latter, has not been decided in terms; but, a principle broad enough .to cover the particular case, has been established by many decisions. The beginning of this principle, is an epoch in the law; previous to which, questions of competency depending on interest, were decided on subtle and arbitrary distinctions, that are now considered a reproach to the profession; and, in returning to them, we should recede from what is universally considered an improvement. Nothing can be plainer or of more ready application, than the distinction between interest in the question, and interest in the event of the suit. Although the case of the witness be, in every point and particular, the case of the party by whom he is called to testify; although he expect a benefit from the event; and, in short, although he be subject to as strong a bias as can influence the understanding and actions of man; yet, if he be not implicated in the *196 legal consequences of the judgment, he is competent By legal consequences are meant those that are fixed, certain and actual, and by which an advantage not depending on a contingency, is to be gained or lost: such, for instance, as being entitled to give the verdict in evidence in another suit, on the one hand, or being subjected to an incumbrance or duty on the other. This is what I understand to be the modern rule, as established in this country for its intrinsic excellence and good sense. Whether the case before us falls within it, will depend on the consequences of tenure in common as regards joinder in action. In personal actions, though concerning the realty, the interests of tenants in common are inseparable, and they must join. So, in real actions for an entire thing. But, in real actions to recover the seisin oe land, they shall not join, because their estates are several; and therefore, as each must recover according to the nature of his own estate, to suffer them to join, would subject the jury to the perplexity of trying two or more titles in the same issue. That this does not hold in ejectment also, is attributable to the fiction, by which the estates of all the plaintiffs are supposed to be united in the person of the lessee who is the plaintiff of record, and, in contemplation of law, the party in interest. And here, we remark another consequence of the severalty of their estates — they cannot like joint tenants, who are seised per my et per tout, join in a general demise of the whole, but each is to demise for himself. But so little does it accord with the policy of the law to compel them to join in ejectment, that their being suffered to do so, is a consequence neither foreseen nor intended by those who contrived the machinery of the action. Here, the plaintiff has elected to sue alone, and what would the witness gain by his recovery? The possession of his own freehold would not be restored; but for that, he would be driven to a separate action, in which the verdict in this, would not be competent evidence. Neither would the possession of his co-tenant when recovered, avail him to save the bar of the statute of limitation; for he who recovers an undivided interest in a several action, holds in common with him from whom it is recovered, the latter continuing to hold the estates of those who remain ousted. The entry of one tenant in common, is the entry of both, only where he does not enter specially for himself; but, in this respect, there is a strong analogy between a special entry, and a separate action in which the plaintiff must necessarily recover the possession for himself. Nor before a recovery by both, can the possession of the one be the possession of the other; an actual occupancy by wrong, being indisputably adverse to him who has the right. I admit that a tenant in common is not competent to support the possession of his co-tenant where the latter is defendant in an ejectment, founded on a title adverse to the title of both. But this discrepance between a case where the co-tenant is plaintiff, and one where he is defendant becomes the less stri *197 king as we reflect, how frequently questions of this sort depend on the situation of the parties. A more imposing difficulty is the reciprocity that exists among parties who can produce by the evidence of each other in successive actions, substantially the result of a joint recovery by all. But this reciprocity is more apparent than real; the supposed quid pro quo, not being a debt or duty, but a gratuity in kind. Such as it is, however, it must be borne with as an evil inseparable from our nature, and one which necessarily exists in a greater or less degree in all cases, and under every modification of circumstances. A party and his witness may drive a bargain in any case, whether the perjury is to be repaid in kind or requited with money; yet that they happen to be placed in circumstances which constitute a strong temptation to make common cause in prosecuting their claims, or eluding their liabilities, affords no objection to their competency. Such considerations are held not to disqualify a witness who has signed the same policy; or who is separately sued for the same trespass; or separately indicted of perjury, in swearing to the same fact; or a seaman who has served aboard the same vessel, in an action for seamen’s wages: yet, in all these instances which are put by Mr. Phillips by way of illustration, the party and the witness are from identity of situation, exposed to the same temptation that may warp the testimony of tenants in common, who have separate actions depending for their respective freeholds. I therefore, perceive no sufficient reason for the rejection of the witness.
Duncan, J., and Rogers, J., concurred.
Huston, J., dissented.
Tod, J., was not present at the argument, and took no part in thejudgment.
Judgment reversed and a venire facias de novo awarded.